

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. A. McElrath
County Auditor
Cooke County
Gainesville, Texas

Dear Sir:

Opinion No. 0-4840
Re: Under Article 2350, Vernon's
Annotated Civil Statutes, and
under the facts submitted, when
does the change in salaries for
the County Commissioners and the
County Auditor of Cooke County
become effective?

Your letter of September 8, 1942, requesting the opinion of this department on the above stated question reads as follows:

"The assessed valuation of Cooke County for the year 1941 was $19,178,810. and for 1942 it is $20,081,820.

"Article 2350, R.C.S., provides that the salaries of County Commissioners in Counties having an assessed valuation of more than $20,000,001. and less than $30,000,000. shall be $2250.00 per annum; and Article 1645, R.C.S., as amended, provides that the minimum salary of County Auditors shall be $125.00 for each million dollars of assessed valuation, computed from the last approved tax rolls.

"Under the conditions mentioned above, and the statutes to which reference is made, your opinion is desired as to when the change in salaries for the County Commissioners and the County Auditor will become effective."

In answer to that portion of your question regarding the salaries of the County Commissioners, based upon the increase of the assessed valuation of taxable property in the county, you are advised that the County Commissioners Court is only authorized to base the salaries of the County Commissioners for the current year upon the total assessed valuation of the preceding year. Cooke County had a total assessed valuation of all properties of $19,178,810.00 for the year 1941. The annual salaries of the members of the Commissioners Court of Cooke County for the year 1942 must be based on the 1941 assessed valuation.

You state in your letter that the total assessed valuation of the properties in this county for the year 1942 is $20,081,820. This being true, and provided the assessed valuations do not exceed $30,000,000.00 for the year 1942, the Commissioners Court may at its first regular meeting in January, 1943, fix the salary of each County Commissioner for such year at a sum not exceeding $2250.00. The County Commissioners cannot increase their salaries for the year 1942 based on the assessed valuation for said year, but as above stated the salaries for the year 1942 must be based on the 1941 assessed valuation. (See Arts. 2350, 2350(1) and 2350(2), V.A.C.S.)

The question regarding the increase in the salaries of county commissioners, where there has been an increase in the assessed valuation of the properties in a county, is more fully discussed in our opinions Numbers 0-2272 and 0-3616. We enclose copies of these opinions for your convenience.

We now consider that part of your question with reference to the annual salary of the County Auditor of Cooke County. Senate Bill No. 119, Acts of the 47th Legislature, Regular Session, 1941, provides in part:

"In any county having a population of thirty five thousand (35,000) inhabitants, or over, according to the last preceding Federal Census, or having a tax valuation of Fifteen Million ($15,000,000.00) Dollars or over, according to the last approved tax roll, there shall be biennially appointed an auditor of accounts and finances, the title of said officer to be County Auditor, who shall

Honorable R. A. McElrath, page 3

hold his office for two (2) years and who shall re-
ceive as compensation for his services to the county
as such County Auditor, an annual salary of not more
than the annual salary allowed or paid the Assessor
and Collector of Taxes in his county, and not less
than the annual salary allowed such County Auditor
under the general law provided in Article 1645, Re-
vised Civil Statutes, as said Article existed on
January 1, 1940, such salary of the County Auditor
to be fixed and determined by the District Judge or
District Judges making such appointment and having
jurisdiction in the county, a majority ruling, said
annual salary to be paid monthly out of the general
fund of the county. The action of said District
Judge or District Judges in determining and fixing
the salary of such County Auditor shall be made by
order and recorded in the minutes of the District
Court of the county, and the Clerk thereof shall
certify the same for observance to the Commissioners'
Court, which shall cause the same to be recorded in
its minutes; after the salary of the County Auditor
has been fixed by the District Judge or District
Judges, no change in such salary shall thereafter
become effective until the beginning of the next
ensuing fiscal year of the county. Provided however,
any increase in the salary of any such County Auditor,
over and above the annual salary allowed such County
Auditor under the general law provided in Article 1645,
as said Article existed on January 1, 1940, shall only
be allowed or permitted with the express consent and
approval of the Commissioners' Court of the county
whose County Auditor is affected or may be affected
by the provisions of this Act; such consent and
approval of such Commissioners' Court shall be made
by order of such Court and recorded in the minutes
of the Commissioners' Court of such county."

Article 1645, Vernon's Annotated Civil Statutes,
as it existed on January 1, 1940, reads in part as follows:

"In any county having a population of thirty-
five thousand (35,000) inhabitants, or over, according
to the preceding Federal Census, or having a tax valua-
tion of Fifteen Million Dollars ($15,000,000), or over,
according to the last approved tax rolls, there shall

be biennially appointed an Auditor of Accounts and Finances, the title of said officer to be County Auditor, who shall hold his office for two (2) years, and who shall receive as compensation for his services One Hundred and Twenty-five Dollars ($125) for each million dollars, or major portion thereof on the assessed valuation, the annual salary to be computed from the last approved tax rolls; said annual salary from county funds shall not exceed Three Thousand, Six Hundred Dollars ($3,600)."

In view of the foregoing statutes you are respectfully advised that the annual salary of the County Auditor cannot be more than the annual salary allowed or paid the assessor and collector of taxes in his county, and not less than the annual salary allowed such county auditor under the general laws provided in Article 1645, Revised Civil Statutes, as said article existed on January 1, 1940. Such salary of the county auditor to be fixed and determined by the district judge or district judges making such appointment and having jurisdiction in the county, a majority ruling, said annual salaries to be paid mainly out of the general fund of the county. If the annual salary of the county auditor was fixed under the provisions of Article 1645, as said article existed on January 1, 1940, said salary must be computed from the last approved tax rolls at the time the salary was fixed. In connection with the foregoing you are further advised that if the annual salary of the county auditor was fixed under the provisions of Senate Bill No. 119, supra, the annual salary of the county auditor, as above stated cannot be more than the annual salary allowed and paid the assessor and collector of taxes in his county, or less than the annual salary allowed such county auditor under the general law provided in Article 1645, Revised Civil Statutes, as said article existed on January 1, 1940. We want to point out that any increase in the salary of the county auditor, over and above the annual salary allowed such county auditor under the general law provided in Article 1645, as said article existed on January 1, 1940, shall only be allowed or permitted with the express consent and approval of the

commissioners court of the county whose auditor is af-
fected. After the salary of the county auditor has been
fixed by the district judge or district judges, no change
in such salaries shall thereafter become effective until
the beginning of the next ensuing fiscal year of the county.

Trusting that the foregoing fully answers your
inquiry, we are

Yours very truly

APPROVED SEP 1?, 1942                    ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT                    By
ATTORNEY GENERAL

Ardell Williams
Assistant

AW:AMM

ENCLOSURES



APPROVED
OPINION
COMMITTEE

BY
CHAIRMAN